UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MAERSK BROKER K/S,

                        Plaintiff,            08 CV 6000 (JSR)

-v-

                                                 **VERIFIED COMPLAINT**

UNIVERSAL MARINE, UNIVERSAL
SHIPPING B.V., UNIVERSAL MARINE
INVESTMENTS B.V., EUROTEAM CHARTERING
B.V., MS VAAL RIVER I CV, DEMARARA RIVER
I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ
MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN

                        Defendants.
------------------------------------------------------------x

Plaintiff, MAERSK BROKER K/S (hereinafter "MAERSK"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants UNIVERSAL MARINE, UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN, alleges upon information and belief as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1331 and 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff, MAERSK, was and still is a foreign business entity duly organized and existing pursuant to the laws of Denmark, with a principal place of business at: 1, Midtermolen, DK-2100 Copenhagen, Denmark.

3. At all times material hereto, Defendant, UNIVERSAL MARINE was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a last known principal place of business at Noorderhaven 60-17, Groningen, Netherlands and/or Schaardijk, 54 Krimpen aan den Yssel 2920 AS Netherlands.

4. At all times material hereto, Defendant, UNIVERSAL SHIPPING B.V. was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a last known principal place of business at 10, Griendstraat, Postbus 85, LB Krimpen aan den Ijssel NL-2921, Netherlands and/or Schaardijk 54 Krimpen aan den Yssel 2920 AB Netherlands.

5. At all times material hereto, Defendant, UNIVERSAL MARINE INVESTMENTS B.V. was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a last known principal place of business at: 10, Griendstraat, Postbus 85, LB Krimpen aan den Ijssel NL-2921, Netherlands and/or Schaardijk 54 Krimpen aan den Yssel 2920 AB Netherlands.

6. At all times material hereto, Defendant EUROTEAM CHARTERING B.V. was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a last known principal place of business at: 54, Schardijk, NL-2921 LG Krimpen aan den Ijssel, Netherlands.

7. At all times material hereto, Defendant MS VAAL RIVER I CV was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a last known principal place of business at: 10, Griendstraat, Postbus 85, LB Krimpen aan den Ijssel NL-2921, Netherlands and/or Schaardijk, 54 Krimpen aan den Yssel 2920 AS Netherlands.

8. At all times material hereto, Defendant DEMARARA RIVER I CV was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a last known principal place of business at: 10, Griendstraat, Postbus 85, LB Krimpen aan den Ijssel NL-2921, Netherlands and/or Schaardijk, 54 Krimpen aan den Yssel 2920 AS Netherlands.

9. At all times material hereto, Defendants SURINAM RIVER I CV and BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. were and still are foreign business entities duly organized and existing pursuant to the laws of a foreign country, with last known principal places of business at: 10, Griendstraat, Postbus 85, LB Krimpen aan den Ijssel NL-2921, Netherlands and/or Schaardijk, 54 Krimpen aan den Yssel 2920 AS Netherlands.

10. At all times material hereto, Defendant REDERIJ C. VERMEULEN was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a last known principal place of business at: Genteldijk 4, Geldermalsen 4191 LE Netherlands.

## FACTS AND CLAIM

11.    At all relevant times hereto, Plaintiff, MAERSK was and is a ship broker that provides ship brokerage services to, inter alia, ship owners, operators, and managers.

12.    Plaintiff MAERSK provided maritime brokerage services to the owners and operators of the vessels M/V VAAL RIVER and the SURINAM RIVER (now known as the M/V EAGLE 2).

13.    Upon information and belief, the vessel M/V VAAL RIVER was, at all relevant times, owned and/or operated by Defendants, UNIVERSAL MARINE, UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., MS VAAL RIVER I CV and DEMARARA RIVER I.

14.    Upon information and belief, the vessel SURINAM RIVER was, at all relevant times, owned and/or operated by Defendants UNIVERSAL MARINE, UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and EUROTEAM CHARTERING B.V.

15.    At all times relevant to this matter, MAERSK was requested to provide, and did provide, maritime brokerage services to the M/V VAAL RIVER, her owner and operator and the SURINAM RIVER, her owner and operator.

16.    During the period beginning in August 2006 through May 2008, Plaintiff provided maritime brokerage services to Defendants and provided regular invoices for the commissions earned during said period. Although payments were made for services provided during the period of August 2006 through October 2007, no payments for services provided since such time have been made, despite demand for same.

4

17. Defendants have received the benefit of Plaintiff's services; have received the invoices presented without objection, yet have failed to pay Plaintiff the compensation due and owing despite demand for same.

18. As best as can be determined, Plaintiff is owed USD$250,551.20 for services rendered to date in connection with the M/V VAAL RIVER and USD$45,900.00 for services rendered to date in connection with the SURINAM RIVER. Additionally, as per the terms and conditions of the contract previously agreed by and between the parties, an additional USD$166,000 is due and owing for future lost commissions in connection with the M/V VAAL RVER and USD$82,000 for future lost commissions in connection with the M/V SURINAM RIVER.

19. At present, despite demand for payment, Defendants owe Plaintiff USD$544,451.20.

20. Additionally, Plaintiff is entitled to recover the costs and legal fees, as the relevant contracts are governed by foreign law which expressly provides for recover of same.

21. As best as can be determined, Plaintiff has and/or will incur legal costs and fees estimated to be USD$100,000.00

## FIRST CAUSE OF ACTION

### *Breach of Contract*

22. Plaintiff MAERSK repeats and realleges each and every allegation set forth in paragraphs one (1) through twenty-one (21) as if set forth herein at length.

23. At the request of Defendants, Plaintiff MAERSK undertook to provide maritime brokerage services to the aforementioned vessels.

24. In advance of doing so, Plaintiff and Defendants agreed that Plaintiff would issue invoices and be compensated for the maritime brokerage services provided.

25. During the period beginning in October 2007 through May 2008, Plaintiff provided maritime brokerage services to Defendants and provided regular invoices for the commissions earned during said period. Additionally, as a result of the parties express agreements, defendants are obligated for future commissions on the M/V VAAL RIVER through December 15, 2010 estimated to be USD$166,000 and on the M/V SURINAM RIVER through August 8, 2009 estimated to be USD$82,000.

26. Defendants have received the benefit of Plaintiff's services; have received the invoices presented without objection, yet have failed to pay Plaintiff all compensation due and owing despite demand for same.

27. Despite repeated requests for payment and promises of payment by Defendants, the Defendants have neglected, failed, and otherwise refused to pay for the maritime brokerage services for the aforementioned vessels.

28. As such, Plaintiff seeks damages of USD$544,451.20, plus interest, costs, and expenses, presently estimated to be as allowed USD$100,000.00.

29. Accordingly, Plaintiff seeks recovery of damages in an amount not less than USD$644,451.20.

SECOND CAUSE OF ACTION

*Account Stated*

30. Plaintiff MAERSK repeats and realleges each and every allegation set forth in paragraphs one (1) through twenty-nine (29) as if set forth herein at length.

31. MAERSK has invoiced Defendants for the outstanding balance of USD$296,451.20.

32. Defendants have retained the invoices received from MAERSK without objection. More than a reasonable time period has elapsed.

33. As such, Plaintiff respectfully requests that it should be entitled to an immediate judgment for the amount of USD$296,451.20, plus interest, costs, and expenses.

## THIRD CAUSE OF ACTION

### *Unjust Enrichment / Quantum Meruit*

34. Plaintiff MAERSK repeats and realleges each and every allegation set forth in paragraphs one (1) through thirty-three (33) as if set forth herein at length.

35. Plaintiff MAERSK was requested to provide maritime brokerage services by Defendants, and did provide maritime brokerage services for the benefit of said Defendants.

36. Despite repeated demands for payment for same (and Defendants promises to pay), no payments have been received by Plaintiff.

37. Defendants have inequitably benefited from their neglect, failure and/or refusal to pay Plaintiff the USD$544,451.20 worth of services Plaintiff contracted to provide at the request of, and for the benefit of Defendants.

38. Defendants have unjustly received and retained the benefit of the services rendered and the payments made from Plaintiff.

39. Equity and good conscience require Defendants to pay Plaintiff USD$544,451.20, for the services they contracted with Plaintiff to provide, which

7

Plaintiff has done at the request of, and for the benefit of, Defendants, as well as the costs and expenses of recovery of same.

40.  MAERKS's total claim for breach of the maritime contract against Defendants is in the aggregate USD$644,451.20.

41.  Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant UNIVERSAL MARINE and Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN that no separation exists between them and the corporate form of Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN has been disregarded such that Defendant UNIVERSAL MARINE primarily transacted the business of Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN.

42.  Upon information and belief, at all material times, Defendant UNIVERSAL MARINE, operated in the name of Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV,

BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN such that Defendant UNIVERSAL MARINE was the beneficial owner of Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN.

43.  Upon information and belief, UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN hold themselves out as subsidiaries within the UNIVERSAL MARINE network.

44.  Upon information and belief, UNIVERSAL MARINE and UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN are each one of several entities which is operated, controlled and managed as a single economic enterprise known as UNIVERSAL MARINE.

45.  Upon information and belief, among the entities which comprise the UNIVERSAL MARINE network, including UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, . BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C.

VERMEULEN, there is a commonality of control and management and an overlap of officers, directors and employees.

46.   Upon information and belief, at all material times, Defendant UNIVERSAL MARINE and Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN, have overlapping ownership, management, personnel and purposes such that Defendant UNIVERSAL MARINE and Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN do not operate at arms length.

47.   Upon information and belief, at all material times, Defendant UNIVERSAL MARINE and Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN, have had common addresses, common contact information such that the Defendant UNIVERSAL MARINE has no independent corporate identity from Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA

RIVER I CV, SURINAM RIVER I CV, B BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN.

48. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant UNIVERSAL MARINE and Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN.

49. Upon information and belief, at all material times, Defendant UNIVERSAL MARINE has dominated, controlled and used Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN for its own purposes such that there is no meaningful difference between the entities.

51. Upon information and belief, at all material times, Defendant UNIVERSAL MARINE has disregarded the corporate form of Defendant UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN to the extent that Defendant UNIVERSAL MARINE, was actually carrying on UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA

RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN's business and operations as if the same were its own, or vice versa.

52. Upon information and belief, Defendant UNIVERSAL MARINE utilizes the Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN, to transfer funds through, to and from the Southern District of New York on its behalf.

53. Upon information and belief, there are reasonable grounds to conclude that the Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN are the alter-egos of Defendant UNIVERSAL MARINE and, therefore, Plaintiff MAERSK has a valid prima facie *in personam* claim against Defendants UNIVERSAL SHIPPING B.V., UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN based upon alter ego liability.

BASIS FOR ATTACHMENT

54. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

55. Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the

Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendant, up to the amount of US$644,451.20 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That judgment may be entered in favor of Plaintiff on its First Cause of Action (Breach of Contract);

    D.    That judgment may be entered in favor of Plaintiff on its Second Cause of Action (Account Stated);

    E.    That judgment may be entered in favor of Plaintiff on its Third Cause of Action (Unjust Enrichment / Quantum Meruit); and

    F.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       July 1, 2008

CHALOS & CO, P.C.
Attorneys for Plaintiff
MAERSK BROKER K/S

By: _____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (866) 702-4577
Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MAERSK BROKER K/S,

                                                          Plaintiff,                        08 CV 6000 (JSR)

-v-

                                                                                           **VERIFICATION OF**
                                                                                           **COMPLAINT**
UNIVERSAL MARINE, UNIVERSAL SHIPPING B.V.,
UNIVERSAL MARINE INVESTMENTS B.V., EUROTEAM
CHARTERING B.V., MS VAAL RIVER I CV, DEMARARA
RIVER I CV, SURINAM RIVER I CV, BEHEERMAATSCHAPPIJ
MS SURINAM RIVER BV. and REDERIJ C. VERMEULEN.

                                                          Defendants.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, MAERSK BROKER K/S, herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
      July 1, 2008

                                  CHALOS & CO, P.C.
                                  Attorneys for Plaintiff
                                  MAERSK BROKER K/S

By: _____
                                  George M. Chalos (GC-8693)
                                  123 South Street
                                  Oyster Bay, New York 11771
                                  Tel: (516) 714-4300
                                  Fax: (866) 702-4577
                                  Email: gmc@chaloslaw.com